IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**BRANDON BATES, *ET AL.***                                                                          **PLAINTIFFS**

**1:19-CV-00036-BRW**

**NETWORK OF COMMUNITY OPTIONS, INC.**                          **DEFENDANT**

## ORDER

Pending is Defendant's Motion for Partial Summary Judgment (Doc. No. 38). Plaintiffs have responded and Defendant has replied. For the reasons set out below, the motion is GRANTED.

**I.  BACKGROUND**[1]

Plaintiffs are "direct support professionals" who worked for Defendant, essentially providing home-care assistance to Defendant's clients.[2]

Defendant employed Plaintiff Linda Rapp to provide home-care assistance to her disabled son, Christian. It employed Plaintiffs Craig and Karen Shumway provide home-care assistance to their disabled relative, Josh. Because the clients live with Plaintiffs, Plaintiffs work from their own homes while caring for Defendant's clients. Each Plaintiff has a contract with Defendant for a set schedule, totaling 40 hours a week, in which to execute the clients' plans of care. Any overtime is to be documented and requested before being performed.

Plaintiffs assert that because they must take care of Christian and Josh 24 hours a day, seven days a week, Defendant owes them overtime wages.

---

[1] Unless otherwise noted, the Background comes for the parties' statements of undisputed material facts (Doc. Nos. 40, 44).

[2] Doc. No. 1 ("Plaintiffs provided around-the-clock care for their clients, and their job duties included things such as assisting the clients with medications, bathing, feeding, and keeping watch over the clients to ensure they did not harm themselves or others.").

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[3] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[4]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[5] Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[6] A court must view the facts in the light most favorable to the party opposing the motion.[7] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[8]

---

[3] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[5] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[6] *Id.* at 728.

[7] *Id.* at 727-28.

[8] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

2

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[9]

### III. DISCUSSION

Plaintiffs assert that they are entitled to the benefit of a three-year statute of limitations and liquidated damages.[10] Defendant contends that there is "no evidence that NCO intentionally or willfully violated the Fair Labor Standards Act ("FLSA") and thus, plaintiffs are not entitled to a three (3) year statute of limitations or liquidated damages."[11] I agree with Defendants. In addition, Defendant is entitled to summary judgment against Plaintiffs Linda Rapp, Craig Shumway, and Karen Shumway on other grounds.

Because Plaintiffs work at their own homes caring for their own relatives, they are blurring the line between when they are working as Defendant's employees and when they are simply their relative's caregiver. This blurring is the very reason that contemporaneous, accurate timekeeping records are so important, and why Defendant's required Plaintiffs to request any overtime in advance and to document all overtime hours. Plaintiffs did not keep records or provide specific instance of times they worked overtime as Defendant's employees. Instead, Plaintiffs' lawyers submitted an after-the-fact spreadsheet claiming that Plaintiffs worked 24 hours a day, seven days a week during the relevant time-period. Plaintiffs provided no law to support their position that they could unilaterally convert their job as a 40-hour a week employee to a 24/7 employee. This certainly was not anticipated by Defendant (or Plaintiffs, as they admitted in their depositions) when they hired Plaintiffs.

---

[9] *Anderson*, 477 U.S. at 248.

[10] Doc. No. 1.

[11] Doc. No. 39.

Plaintiffs rely on a fast-and-loose interpretation of the testimony to make their case. First, Defendant never told Plaintiffs that they were responsible for caring for their clients 24/7. Defendant's agent was asked if "a direct support professional is working with one of NCO's clients and something occurs in the middle of the night that requires their attention, they're expected to perform work, right?"[12] The agent responded, "If they're assigned to that client and they're there, and they're – yes they are."[13] However, Plaintiffs' question assumes the employee was on duty, and disregarded the fact that the employee might be an off-the-clock parent or guardian with responsibilities unrelated to their employment. This distinction is important. Plaintiffs are attempting to expand the scope of their employment to include wages for work done as a parent or guardian, not an employee.

Second, Plaintiffs assert that Defendant "knew about the off-the-clock work, instructed [Plaintiffs] not to record such hours, and told [Plaintiffs] that they would not be paid for such hours."[14] This claim is contradicted by the record. Defendant never told Plaintiffs not to record their overtime hours. Rather, it told Plaintiffs there was no money for overtime and they should not work overtime.[15] Plaintiffs also asked about getting paid for overnight hours, and were advised that funds were not available.[16] This is quite different from being told to work the hours and to not record them.

---

[12]Doc. No. 44-6, p. 91.

[13]*Id.* at p. 92.

[14]Doc. No. 45.

[15]Doc. No. 44-1, at p. 81 and Doc. No. 44-5, at p. 31.

[16]Doc. Nos. 44-1, 44-4, 44-5.

Third, Plaintiffs' assertion that they "complained to NCO management about working off-the-clock, but they were required to continue to do so,"[17] is not supported by the record. Ms. Rapp asked whether she could work more hours and she was told no, because there was no money for it.[18] Ms. Shumway asked "about overtime pay for overnights" and was told there was no money for that.[19] The fact that Plaintiffs now believe they should be paid 24/7 in their roles as a parent or guardian does not support their argument that they were told to work off-the-clock or denied compensation for hours they actually worked. Furthermore, this claim is not supported by the FLSA, because Plaintiffs are entitled to pay only for work performed as part of their job duties for Defendant. Plaintiffs had responsibilities as Defendant's employees that were to be done on-the-clock, and responsibilities as a family member that were done off-the-clock. There is nothing in the record to the contrary. In fact, Ms. Shumway testified that she understood, from the beginning, that when Josh moved into her house, she was not going to have increased hours as Defendant's employee.[20]

Fourth, Plaintiffs understood that when they worked outside their designated hours, they were taking care of Josh and Christian in their capacity as a parent or guardian, not as Defendant's employee.[21] Ms. Rapp testified that she was on-the-clock when working with her

---

[17]Doc. No. 44.

[18]Doc. No. 44-1, at p. 81.

[19]Doc. No. 44-5, at p. 31.

[20]Doc. No. 44-5, at p. 36.

[21]Doc. No. 40-1 at p. 51 ("Q. Okay. But it was your understanding that you were not going to get paid for those hours; you were just taking care of him as his mother during those hours; is that right? A. Yes."); *Id* at p. 54 ("Q. . . .so you're going to take care of him as his mom, not as a worker, just as his mom to take care of him? A. Yes.").

5

son on his plan-of-care's "goals and objectives" which was during the times allotted by Defendant, not after hours.[22] The same is true for the Shumways.

Fifth, Defendant's policies required Plaintiffs to notify it of any worked overtime, and Plaintiffs were required claim any worked overtime hours on their time sheets. Plaintiffs never listed overtime on their time sheets, and there is no evidence that Defendant told them not to report overtime hours they worked. Accordingly, Plaintiffs have failed to establish that Defendant knew or should have known they were working overtime.[23]

Finally, Plaintiffs have provided no reliable evidence to support their claim for overtime hours. Instead, they submitted spreadsheets drawn up by their lawyers that even Plaintiffs concede is likely not accurate. Plaintiffs' burden to meet proof with proof is greater than simply making a time-sheet with every conceivable hour on it without explanation.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Partial Summary Judgment is GRANTED as to Plaintiffs Linda Rapp, Craig Shumway, and Karen Shumway.

IT IS SO ORDERED this 27th day of April, 2020.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE

---

[22]Doc. No. 40-1 at p. 52-53.

[23]*Haviland v. Catholic Health Initiatives-Iowa, Corp.*, 729 F. Supp. 2d 1038, 1076 (S.D. Iowa 2010) ("Numerous courts have held that an individual is estopped from claiming overtime compensation when he violates an employer's reporting policy and, by so doing, precludes the employer's opportunity to verify and pay, or refute the claim.") (citing cases); *Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1319 (11th Cir. 2007) ("There is no violation of the FLSA where the employee performs uncompensated work but deliberately prevents his or her employer from learning of it."); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414–15 (9th Cir. 1981) (holding that "where an employer has no knowledge that an employee is engaging in overtime work and that employee . . . deliberately prevents the employer from acquiring knowledge . . ., the employer's failure to pay . . . is not a violation of § 207.").